Dear Mr. Manuel:
This office is in receipt of your recent correspondence requesting our legal opinion regarding the following:
 May a part-time or full-time non-deputized in-house counsel for the Sheriff of Calcasieu Parish also hold the position of part-time Assistant District Attorney while serving on the Lake Charles City Council?
 At the outset, note that the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., prohibit the simultaneous holding of two full-time positions, whether characterized as employments, appointive offices, or a combination thereof. R.S. 42:63(E) states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
 "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
 Each position must first be categorized for purposes of dual officeholding. The position of in-house legal counsel for the sheriff's office constitutes "employment" as defined by R.S. 42:62(3).[1] The position of assistant district attorney constitutes "appointive office" as defined by R.S. 42:62(2);[2] see also Article V, § 26(A) of the Louisiana Constitution (1974) stating that "a district attorney may select assistants as authorized by law." LSA-R.S. 16:51(A) states that "the district attorney of each judicial district and the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district or the parish of Orleans as may be necessary." Further, LSA-R.S. 16:51(B) provides that "assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney." The position of council member for the Lake Charles City Council constitutes "elective office" as defined by R.S. 42:62(1).[3]
An individual holding elective office is prohibited from holding either another full-time appointive office, or employment in the same political subdivision in which he holds elective office. R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
 Thus, in the facts presented, an individual may hold elective office as councilman of the Lake Charles City Council and hold a position as parish assistant district attorney where the latter position is held on a part-time basis. Further, because employment with the sheriff's office is within a political subdivision separate from the municipality of Lake Charles, the other prohibition of R.S. 42:63(D) of concern is inapplicable.
"Political subdivisions" are defined by R.S. 42:62(9) as follows:
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
 Thus, the individual here in question may hold employment (either full or part-time) with the sheriff's office, serve only part-time as assistant district attorney, and also hold elective office as council member of the Lake Charles City Council.
We have spoken with the financial director of the City of Lake Charles and determined that while the city does pay for the boarding of certain prisoners housed by the sheriff, it does so under the terms of a long-standing contract. The city does not supplement the budget of either the sheriff's office or the district attorney's office. For this reason, the incompatibility provisions of R.S. 42:64 are inapplicable.
Very truly yours,
CHARLES C. FOTI, JR.
ATTORNEY GENERAL
BY: _____________________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62(3) states:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[2] R.S. 42:62(2) states:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[3] R.S. 42:62(1) states:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office and which is filled by vote of the citizens of this state or of a political subdivision thereof.